## Payne v. Kline

*William S. Kreisher,* for plaintiff.
*Frank Robert Cori,* for defendant.

MYERS, *P.J.,* November 7, 1990—Plaintiff has filed a petition seeking modification of a support order in the form of an increase in the payment of support being presently paid by defendant pursuant to a marital settlement agreement that was executed by the parties on April 20, 1981. The parties were

subsequently divorced by an order of this court dated May 5, 1981.

In response to plaintiff's petition for modification, defendant argues that this support provision is not modifiable by virtue of the terms and intent and legal import of the marital settlement agreement.

There is a two-prong analysis which requires that we initially examine the provisions of the marital settlement agreement itself to determine if the agreement survives the divorce decree or whether it merges into the decree. See *D'Huy v. D'Huy,* 390 Pa. Super. 509, 568 A.2d 1289 (1990); *Bell v. Bell,* 390 Pa. Super. 526, 568 A.2d 1297 (1990).

Where the parties to a marital settlement agreement have clearly and unambiguously expressed an intent that the agreement survive the entry of the divorce decree, in spite of the fact that the decree itself provides that the agreement shall be incorporated into the decree, the agreement survives and is not merged. In such case the marital settlement agreement remains an enforceable contract, not subject to unilateral modification, as a court order would otherwise be. *Bell, supra.*

In the instant action, the parties reflected an intention that the agreement be incorporated with the divorce decree, but yet not merge with the decree, by stating in paragraph 17 as follows:

"If consistent with the rules of practice of the court granting a decree of divorce, the provisions of this agreement, or the substance thereof, shall be incorporated in such decree, but, notwithstanding such incorporation, this agreement shall not be merged in such decree, but shall in all respects survive the same and be forever binding and conclusive on the parties."

The parties thus specifically stated their intent that this agreement does not merge but rather shall

survive the divorce decree. Hence, the marital separation agreement is not subject to unilateral modifications as a court order.

Thus, the marital settlement agreement is a contract which stands on its own four corners.

In the second prong of our investigation we must further scrutinize the terms of the agreement to determine if modification of the agreement was contemplated by the parties when they drafted the agreement. *Bell, supra.*

In this case the parties clearly stated their intentions as to that question in paragraph 21, which states as follows:

"A modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality as this agreement. The failure of either party to insist on strict performance of any of the provisions of this agreement shall not be construed as a waiver of any subsequently default of the same or similar nature."

The parties thus clearly stated their intentions that they did not intend to permit court modification of the marital settlement agreement without a further written agreement by the parties. Hence, plaintiff's petition for modification seeking unilateral action by the court is clearly outside the intent of the agreement in question.

Accordingly, for the above reasons, plaintiff's petition for modification must be denied.

## ORDER OF COURT

And now, November 7, 1990, it is hereby ordered and decreed that plaintiff's petition seeking modification of support be dismissed, and the parties'

marital settlement agreement shall remain in full force and effect.